# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Brian Dale Aten, | )<br>) |
| Plaintiff, | )    C.A. No.: 3:17-cv-874-PMD-KDW |
| | ) |
| v. | )    **ORDER** |
| | ) |
| South Carolina Department of Corrections and South Carolina Department of Probation and Parole, | )<br>)<br>) |
| | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff Brian Aten's objections to United States Magistrate Judge Kaymani D. West's report and recommendation ("R & R") (ECF Nos. 40 & 38). The Magistrate Judge recommends that Defendants' motions for summary judgment should be granted. For the reasons stated herein, the Court overrules Plaintiff's objections and adopts the R & R.

## PROCEDURAL HISTORY

The Magistrate Judge issued her R & R on June 13, 2018. Plaintiff filed his objections to the R & R on June 27, and Defendants replied on July 11. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's recommendations and proposed findings within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo

1

review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Pro se filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. See *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

Plaintiff's claims arise out of alleged wrongdoing by Defendants with regard to his parole. Plaintiff was arrested and charged with first degree criminal sexual conduct, was then indicted for third degree criminal sexual conduct, and finally negotiated a plea to first degree assault and battery. For that offense, Plaintiff received an eight-year sentence, suspended to five years with three years of probation. Plaintiff was sentenced on January 27, 2014, and he was granted conditional parole on August 26, 2015, provided that, among other things, he attended and completed the Addictions Treatment Unit Program ("ATU"). He was required to complete ATU

and the other requirements before being granted parole and being released. After he was granted conditional parole, the Parole Board was notified that under the South Carolina Department of Corrections' ("SCDC") policy, Plaintiff was not eligible to participate in the ATU program because he was charged with first degree criminal sexual conduct and indicted for third degree criminal sexual conduct. Thus, Plaintiff was not eligible to complete that requirement of his conditional parole.

The Parole Board reconsidered and rescinded Plaintiff's parole on October 21, 2015, due to the nature and seriousness of the current offense. Plaintiff then turned to administrative remedies as he continued to seek enrollment in the ATU program, filing a Step 1 grievance on November 20, 2015, and a Step 2 grievance on December 3, 2015. The responsible official responded to Plaintiff's Step 2 grievance on April 28, 2016, stating that Plaintiff had already been admitted to the ATU program on April 11, 2016, thereby mooting the grievance. Plaintiff was then released shortly after that on May 23, 2016, having finished his sentence.

Defendants first point out that Plaintiff's objections raise new issues, including a Ninth Amendment claim, a claim for an injury to his back, and a claim for the pain and suffering his family endured during his incarceration. The Court agrees with Defendants that those objections are improper because they are new matters not raised before the Magistrate Judge, and they are accordingly overruled.

The remainder of Plaintiff's objections are in a narrative format that make it difficult to determine whether Plaintiff made any specific objections. Liberally construed, the Court concludes that Plaintiff might have specifically objected to the Magistrate Judge's determinations that SCDC and the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS") did not violate his Fourteenth Amendment due process rights or his Eighth

Amendment rights. However, Plaintiff failed to specifically object to the Magistrate Judge's qualified immunity analysis as to his constitutional claim. Thus, although the Court fully endorses the Magistrate Judge's conclusion that Defendants are entitled to summary judgment on those claims anyway, it need not analyze those issues in light of Plaintiff's failure to object to the Magistrate Judge's qualified immunity analysis. The Court has reviewed that portion of the R & R for clear error and found none. Accordingly, the Court turns to Plaintiff's state-law claims.

First, Plaintiff cannot show that he was falsely imprisoned because his restraint by the state was not unlawful. Plaintiff has not shown, nor can he, that his confinement at SCDC was not under lawful authority. As set forth by the Magistrate Judge, Plaintiff was serving a valid sentence arising from a valid criminal conviction, and he did not serve more time than the valid sentence he received. There is no constitutional right to parole, *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979), and Plaintiff cites no authority for the proposition that the rescission of his parole could somehow turn his lawful imprisonment into unlawful imprisonment.

Second, Plaintiff has failed to provide any authority to the Court in his objections showing that Defendants owed him a duty of care. Accordingly, to the extent Plaintiff has stated a specific objection to the Magistrate Judge's analysis of his negligence claim, that objection is overruled because he has failed to support an essential element of his negligence cause of action.

Finally, Plaintiff waived any objection to Defendant's motion for summary judgment as to his defamation claim by failing to respond to their arguments. His objection to the defamation section of the R & R fails to address his waiver of that claim by virtue of his failure to respond to Defendants' motions, or to provide any justification for that failure. Accordingly, any objection to the R & R as to his defamation claim is overruled. Having concluded that each of Plaintiff's objections relating to his state-law causes of action should be overruled, the Court need not address

his objection to the Magistrate Judge's recommendation that Defendants are entitled to immunity under the South Carolina Tort Claims Act.

## **CONCLUSION**

For the reasons set forth above, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R & R, and **GRANTS** Defendants' motions for summary judgment.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 31, 2018
Charleston, South Carolina**